In re Edward T. LOMBARDO, Debtor.

Dorothy MINGUS, Plaintiff,

v.

Edward T. LOMBARDO, Defendant.

Bankruptcy No. 01–59070.
Adversary No. 01–02366.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Oct. 1, 2003.

Robert G. Palmer, Columbus, OH, for Plaintiff.

Terry D. Van Horn, Columbus, OH, for Defendant/Debtor.

Office of the U.S. Trustee, Columbus, OH.

***OPINION AND ORDER ON PLAINTIFF'S COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT***

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on the complaint to determine dischargeability of a specific debt filed by the plaintiff, Dorothy Mingus, against the defendant, Edward T. Lombardo, the debtor herein. Ms. Mingus alleges that certain actions undertaken by Mr. Lombardo were willful and malicious for purposes of 11 U.S.C. § 523(a)(6), and that her damages arising from this conduct should not be discharged. Mr. Lombardo denies that he acted willfully or maliciously. The Court tried the matter on July 28, 2003.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the General Order of Reference entered in this district. This is a core matter which this bankruptcy judge may hear and determine under 28 U.S.C. § 157(b)(2)(I).

Section 523(a)(6) of the Bankruptcy Code provides that a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity" is not dischargeable. This exception is limited to "a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998). A debtor does not commit a "willful and malicious injury" under § 523(a)(6) unless he desires to cause the consequences of his act or believes that those consequences are substantially certain to occur. *Markowitz v.*

*Campbell (In re Markowitz)*, 190 F.3d 455, 464 (6th Cir.1999). The creditor bears the burden of proving by a preponderance of the evidence that her injury resulted from the debtor's willful and malicious act. *See Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

■ The acts complained of consisted of Mr. Lombardo's drafting a series of wills and codicils as the attorney for Andy Stischok. These instruments were executed by Mr. Stischok in Mr. Lombardo's presence between November 27, 1996, and December 8, 1998. Mr. Stischok died in October 1998. Following Mr. Stischok's death, Mr. Lombardo caused the will executed on November 9, 1998, together with the codicil executed on December 8, 1998, to be admitted to probate.

Each of the wills prepared by Mr. Lombardo on Mr. Stischok's behalf, including the one admitted to probate, named Ms. Mingus, his good friend and companion, as the residuary beneficiary of his estate. Mr. Lombardo and his wife Margaret signed as witnesses for Mr. Stischok's various wills and codicils.

After the will was admitted to probate, several relatives of Mr. Stischok initiated a will contest in the Franklin County Probate Court. Their complaint alleged that Mr. Mingus had exerted undue influence over Mr. Stischok and that his will had not been properly executed or witnessed. During the course of that litigation, it was discovered that Margaret Lombardo may not have been present at the time Mr. Stischok executed the will and codicil. The parties to the will contest eventually reached a settlement under which Ms. Mingus and her attorney received the sum of $585,000.00. It is not disputed that Ms. Mingus would have received a greater amount under the terms of the will and codicil.

Ms. Mingus charges that Mr. Lombardo deliberately caused Mr. Stischok's wills and codicils to be improperly executed in order to frustrate her apparent status as the residuary beneficiary. Ms. Mingus believes that Mr. Lombardo bore a personal animus against her and regarded her as a gold digger. She further insinuates that Mr. Lombardo informed Mr. Stischok's relatives that the will and codicil admitted to probate had been improperly witnessed so that they would initiate their will contest.

Mr. Lombardo testified that as a probate attorney, he knew that for a will to be valid under Ohio law, two witnesses were required to be in the presence of the testator when he executed the will. Mr. Lombardo testified that he conveyed this requirement to Mr. Stischok and that the latter was fully aware of the consequences of a successful challenge to a will that was not properly witnessed. Despite this awareness, Mr. Stischok rejected his suggestion that another witness be present and instructed him to have Margaret sign instead. The testimony established that Mr. Stischok executed the wills and codicils at his own home and that Margaret Lombardo could not be present due to reasons of health. She later signed as a witness at the Lombardo home outside the presence of Mr. Stischok. Mr. Lombardo surmised that Mr. Stischok refused to have another witness in place of Margaret because he was a very private person and did not want others to know his personal business.

Ms. Mingus adduced no direct evidence of Mr. Lombardo's intent to prevent her from receiving the money Mr. Stischok wanted her to receive. The circumstantial evidence she relies upon includes:

1. Mr. Lombardo's admission that he told Mr. Stischok at one point he

wasn't being generous enough with his family;

2. Mr. Lombardo's knowledge that an improperly witnessed will, if challenged, would be invalid; and

3. The fact that only Mr. Lombardo knew of the improper witnessing and the resulting inference that he must have told Mr. Stischok's relatives of this defect before they commenced the will contest that led to her injury.

The Court does not find that these facts and inferences prove that Mr. Lombardo's actions were willful or malicious.

First, the Court does not regard Mr. Lombardo's suggestion to Mr. Stischok that he be more generous with his family as overreaching in light of their long-term personal and fiduciary relationship. Further, as evidenced by his subsequent wills and codicils, Mr. Stischok apparently followed this advice.

Second, even if the Court assumes Mr. Stischok's relatives knew that the will was improperly witnessed before filing their will contest, their source was not necessarily Mr. Lombardo. It is just as possible that Mr. Stischok could have informed them prior to his death. Mr. Lombardo denied revealing this information beforehand, and the Court found his testimony to be credible. On the other hand, Mr. Stischok was unavailable as a witness, and Ms. Mingus failed to call any of his relatives to testify concerning their prior knowledge of the witnessing defect and the source of this knowledge.

Based on the evidence presented, the Court is not convinced one way or another whether Mr. Stischok intended Ms. Mingus to be the residuary beneficiary of his estate. Regardless of Mr. Stischok's intent, however, the Court is not persuaded that Mr. Lombardo, by not insisting that a second witness be present, acted to frustrate this intent.

For the foregoing reasons, the Court determines that any damages suffered by Ms. Mingue arising from Mr. Lombardo's alleged legal malpractice are not nondischargeable under 11 U.S.C. § 523(a)(6).

**IT IS SO ORDERED.**